UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAVID WETCH,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CRUM & FORSTER COMMERCIAL INS.,<br>NORTH RIVER INSURANCE COMPANY,<br>UNITED STATES FIRE INSURANCE<br>COMPANY,　CRUM & FORSTER<br>HOLDINGS CORP.,<br><br>　　　　　　Defendants. | 5:17-CV-05033-JLV<br><br>ORDER DENYING IN PART AND<br>GRANTING IN PART MOTION FOR<br>PROTECTIVE ORDER BY<br>DEFENDANT CRUM & FORSTER<br>HOLDINGS CORP.<br><br>[DOCKET NO. 87] |

This matter is pending before the court on plaintiff David Wetch's amended complaint alleging bad faith failure to pay workers compensation insurance benefits, among other claims.  See Docket No. 44.  Jurisdiction is premised upon the diverse citizenship of the parties and an amount in controversy exceeding $75,000.  See 28 U.S.C. § 1332.

Previously, the district court, the Honorable Jeffrey L. Viken, referred defendants' three motions to dismiss for lack of personal jurisdiction.[1]  See Docket No. 75.[2]   This court issued a report and recommendation regarding

---

[1] Only defendant United States Fire Insurance Company did not so move.

[2] The district court referred the entire case to this magistrate judge for handling pretrial matters.  See Docket No. 75.

the motion by defendant Crum & Forster Holdings Corp. (C & F Holdings) that recommended granting the motion, but in view of the very limited opportunity Mr. Wetch had had to conduct discovery regarding personal jurisdiction up to that point, the court allowed Mr. Wetch 60 days to conduct a deposition of Marc Adee and to conduct other discovery relevant to C & F Holdings. <u>See</u> Docket No. 82. If additional relevant facts were discovered, the court directed Mr. Wetch could bring those before the court. <u>Id.</u>

Mr. Wetch very promptly contacted defense counsel and inquired as to dates upon which Mr. Adee would be available for a deposition. Mr. Wetch waited, with the understanding defense counsel would get back to him with some suggested dates. Defense counsel denies that it made any representation about obtaining deposition dates for Mr. Adee. Instead, C & F Holdings filed objections to this court's report and recommendation, indicating therein it intended to resist the deposition of Mr. Adee. <u>See</u> Docket No. 83.

By this point, two weeks of the 60-day period allotted by this court for the taking of Mr. Adee's deposition had elapsed. Rather than wait further, Mr. Wetch issued a notice of deposition for Mr. Adee, unilaterally selecting January 31, 2019, as the date for the deposition.

C & F Holdings now moves for a protective order asking that Mr. Adee's deposition not be taken at all or, if it is taken, to move it to another date. C & F Holdings offers up a different gentleman, Eric Tibak, to be deposed in place of Mr. Adee. In addition, Mr. Wetch served C & F Holdings with written discovery requests intended to obtain facts pertinent to the personal

jurisdiction issue.  C & F Holdings has stymied that discovery, providing few if any documents requested.[3]

Mr. Wetch asks the deposition of Mr. Adee be allowed and that an extension of the 60-day time frame be granted.  Mr. Wetch does not wish to inconvenience Mr. Adee and is willing to take his deposition on a different, mutually-agreeable date.  Mr. Wetch argues that defendant did not engage in a good faith effort to resolve this discovery dispute prior to filing its motion for protective order.  Accordingly, Mr. Wetch asks that any costs associated with rescheduling Mr. Adee's deposition be paid by C & F Holdings.

Previously, regarding the personal jurisdiction issue, the court found Mr. Wetch had supplied inadequate facts to support this court's exercise of jurisdiction over C & F Holdings.  The case law Mr. Wetch cited involved facts different from the facts discovered up until then in this case.  Namely, in the cases cited by Mr. Wetch, the officers of the parent and subsidiary were often the same people and the salaries of the officers of the subsidiary were paid by the parent company.  See Docket No. 82 at pp. 23-31 (this court's opinion discussing facts and law as to C & F Holdings).  Mr. Wetch had not yet produced facts of a similar import regarding C & F Holdings.  Id.  In addition, the parent companies in the cases cited by Mr. Wetch touted the geographic

---

[3] Mr. Wetch suggests C & F Holdings failed to satisfy the prerequisite attempts to resolve, in good faith, its discovery dispute prior to filing the instant motion for protection.  The court finds C & F Holdings satisfied its obligation by offering to allow an alternative deposition in place of Mr. Adee and inviting further discussion on the topic.  See Docket Nos. 91-3 and 104-1.

locations of their subsidiaries such that the courts in those cases held the parent should not be surprised to be haled into court in those locations.  Id.

The discovery Mr. Wetch now seeks from Mr. Adee concerns his attempts to discover or verify these very types of facts.  Mr. Wetch has adduced proof that Mr. Adee was *simultaneously* an officer in both C & F Holdings and defendant United States Fire Insurance Company (US Fire).  Specifically, Mr. Adee was Chairman of the Board, President and CEO as well as a Director or Trustee of US Fire in 2016 while at the same time holding the position of Chief Executive Officer of C & F Holdings, a position which he held from January 1, 2015, to the present.

Mr. Tibak, the substitute offered up by defendants in place of Mr. Adee for a deposition, did not hold such simultaneous positions.  Mr. Wetch seeks evidence regarding which corporate entity paid Mr. Adee's salary and benefits during his dual officership as well as facts regarding whether C & F Holdings touted its connection to South Dakota in any way.

C & F Holdings relies on the apex deposition doctrine to prevent the deposition of Mr. Adee.  The court finds that doctrine inapplicable in this case. The apex deposition doctrine requires a party seeking to depose a high-level corporate executive to demonstrate (1) that the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information have been exhausted.  Gladue v. Saint Francis Medical Center, 2014 WL 7205153 *1 (E.D. Mo. Dec. 17, 2014).

4

A party seeking to prevent a deposition bears a heavy burden to show why discovery should be denied. <u>Wells v. Lamplight Farms, Inc.</u>, 2015 WL 225815 *1 (N.D. Iowa Jan. 16, 2015); <u>Bombardier Recreational Products, Inc. v. Arctic Cat, Inc.</u>, 2014 WL 5685463 *3 (D. Minn. Sept. 24, 2014). It is unusual for a court to prohibit the taking of a deposition altogether, even when it is a CEO, and a claimed lack of knowledge by itself is insufficient to preclude the deposition. <u>Bombardier</u>, 2014 WL 5685463 *3 (citing <u>Apple Inc. v. Samsung Electronics Co, Ltd.</u>, 282 F.R.D. 259, 263 (N.D. Cal. 2012)); <u>Raml v. Creighton Univ.</u>, 2009 WL 3335929 *2 (D. Neb. Oct. 15, 2009). The apex doctrine is intended to protect "busy, high-level executives" and "is bottomed on the apex executive lacking *any* knowledge of relevant facts." <u>Raml</u>, 2009 WL 3335929 at *2 (quoting <u>Minter v. Wells Fargo Bank, N.A.</u>, 258 F.R.D. 118, 126 (D. Md. 2009)). As the party seeking the protective order, C & F Holdings bears the heavy burden of demonstrating good cause for the order. <u>Wells</u>, 2015 WL 225815 *1; <u>Bombardier</u>, 2014 WL 5685463 *3; <u>Raml</u>, 2009 WL 3335929 *2; <u>see also</u> FED. R. CIV. P. 26(c).

Here, Mr. Wetch has shown Mr. Adee has special knowledge of facts pertaining to the defense of personal jurisdiction—namely his simultaneous holding of officer-level positions in both the parent and a subsidiary company. <u>See</u> <u>Mills v. Wal-Mart Stores, Inc.</u> 2007 WL 2298249 * 2 (W.D. Ark. Aug. 7, 2007) (holding it is sufficient if the witness has knowledge about any fact relevant to a claim or defense, not necessarily the plaintiff's core claim). Because C & F Holdings has placed personal jurisdiction into issue, facts

related to that topic are relevant. Furthermore, Mr. Adee, by holding simultaneous officer-level positions in both the parent and subsidiary defendants herein, is the holder of unique facts regarding that issue.

In addition, by serving written discovery and asking for this very information—and not receiving it—Mr. Wetch has exhausted other less burdensome avenues for obtaining the information. Docket Nos. 102-2, -3, -4, and -5.

In a slip-and-fall case in front of a Holiday Inn in Sioux Falls, South Dakota, one would not expect the CEO of InterContinental Hotels Group to have personal relevant information about the plaintiff's claim. The apex deposition doctrine was designed to protect high-level executives from having their depositions taken in such situations.

The facts here are much different. Here, all but one of the defendants claim the court has no personal jurisdiction over them. Conflicting facts have been sworn to under oath by various agents of the corporate defendants over a period of years, leading this court to believe at least some of those facts have been sworn to falsely. These conflicting facts have to do with who these defendant corporate entities are, how are they related to each other, and which of them is ultimately responsible for the actions Mr. Wetch alleges to have occurred in his case. The court refers the reader back to its report and recommendation on the personal jurisdiction motions for a fuller description of these facts. See Docket No. 82. Under these facts, C & F Holdings cannot use the apex deposition doctrine to shield Mr. Adee from being deposed.

6

C & F Holdings also argues the date and time noticed for Mr. Adee's deposition render it unduly burdensome because Mr. Adee is scheduled to attend other meetings during this time frame. But Mr. Wetch originally asked C & F Holdings to suggest some deposition dates for Mr. Adee. Docket No. 102-1. Counsel for C & F Holdings delayed for two weeks, using up precious days out of the 60-day time limit the court set, without suggesting any dates—perhaps this was a misunderstanding between counsel. Regardless, C & F Holdings filed pleadings with the court indicating they were going to oppose Mr. Adee's deposition altogether approximately 10 days later. Docket No. 83 at p. 4, n.8. With time running out and C & F Holdings indicating it would not agree to the deposition at all, Mr. Wetch had little choice but to unilaterally pick a date for Mr. Adee's deposition. C & F Holdings will not be heard to complain about that now.

Mr. Wetch's deposition notice indicates it may depose Mr. Adee for up to seven hours. Docket No. 91-1. The court has discretion to limit discovery in order to prevent undue burden. FED. R. CIV. P. 26(c). Given the limited subject matter of Mr. Adee's deposition, the court will limit the deposition to four hours, providing there is no undue obstruction, obfuscation or interference with the conducting of the deposition. See Guttormson v. ManorCare of Minot ND, LLC, 2016 WL 3853737 *7 (D.N.D. Jan. 6, 2016).

The court notes that defendants' objections to Mr. Wetch's written discovery focus almost entirely on the pending objections to this court's report and recommendation. See Docket Nos. 102-2, -3, -4 and -5. It was never this

court's intention that discovery in this case be stalled while those objections are resolved. Rather, because very little discovery had taken place yet, it was-- and is--this court's intention to allow discovery for a limited time (originally 60 days) on the issue of personal jurisdiction. That discovery is to take place *while* the parties' objections to the report and recommendation are pending. Then, if other salient facts come to light as a result of that discovery, they could be brought to this court's attention in a motion for reconsideration, or they could be brought to the district court's attention as part of the objections to the R & R. As the court explained in its report and recommendation, great procedural discretion is afforded the court when presented with a motion to dismiss for lack of personal jurisdiction and one of the court's options is to allow limited discovery to go forward. The parties are instructed to proceed accordingly.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the motion for protective order by defendant C & F Holdings [Docket No. 87] is granted in part and denied in part. The deposition of Mr. Adee will go forward but will be limited to four hours in duration absent special circumstances. It is further

ORDERED that the 60-day period for conducting discovery regarding personal jurisdiction facts as to C & F Holdings is extended for another 30 days. All discovery regarding personal jurisdiction facts as to C & F Holdings must be completed on or before March 6, 2019. It is further

ORDERED that the deposition of Marc Adee shall take place on January 31, 2019, as previously noticed by plaintiff with the caveat that the parties may by mutual agreement reschedule that deposition, at defendants' expense, to another date within the discovery period that is mutually agreeable to all parties.

DATED January 22, 2019.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge