UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAVID WETCH,<br><br>    Plaintiff,<br><br>vs.<br><br>CRUM & FORSTER COMMERCIAL INS.; NORTH RIVER INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; and CRUM & FORSTER HOLDINGS CORP.,<br><br>    Defendants. | CIV. 17-5033-JLV<br><br>ORDER |

## INTRODUCTION

Defendants Crum & Forster Commercial Insurance, Crum & Forster Holdings Corporation and the North River Insurance Company filed a motion to withdraw their earlier motions to dismiss and defendant Crum & Forster Holdings Corporation, in the same pleading, filed a renewed motion for a protective order.[1] (Docket 107). Plaintiff David Wetch filed a response to both motions. (Docket 109). Defendants filed a reply in support of both motions. (Docket 110).

---

[1]Defendant United States Fire Insurance Company ("U.S. Fire") has not joined the other defendants in either motion. For purposes of resolving the motion to withdraw the earlier motions to dismiss, Crum & Forster Commercial Insurance ("C&F Commercial"), Crum & Forster Holdings Corporation ("C&F Holdings") and North River Insurance Company ("North River") will be jointly referred to as "defendants."

Defendants' motions are intertwined with a report and recommendation on the earlier motions (Docket 82), defendants' objections to the report and recommendations ("R&R") (Docket 83), an order granting in part and denying in part a motion for a protective order (Docket 105) and defendants' objections to the order (Docket 106). Those earlier filings will be addressed as necessary in resolving defendants' present motions.

For the reasons stated below, defendants' motion to withdraw the earlier motions to dismiss is granted and C&F Holding's renewed motion for a protective order is denied as moot.

**ANALYSIS**

Plaintiff David Wetch filed a six-count amended complaint against all four defendants. (Docket 44). The claims asserted are: count I, bad faith; count II, intentional infliction of emotional distress; count III, Medicare Secondary Payer Act private cause of action; count IV,[2] conversion; count V, exemplary and punitive damages; and count VI, exploitation of an adult with a disability. Id. at pp. 13-17.

Defendants filed motions to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(2) and(b)(6). (Dockets 45 & 46). They assert the court

---

[2]Plaintiff mistakenly labeled this as "count III." (Docket 44 at p. 15) (capitalization and bold omitted). Because of this mistake, the remaining counts were misnumbered. The court will identify each count of the amended complaint as though they were correctly numbered.

fails to have personal jurisdiction over them and the amended complaint fails to state a claim upon which relief may be granted.  Id.

U.S. Fire filed a motion pursuant to Rule 12(b)(6) to dismiss plaintiff's "exploitation cause of action (and all related allegations, specifically paragraphs 97-99 and 135-139 of the Amended Complaint) . . . ."  (Docket 47).  U.S. Fire subsequently filed an answer asserting the amended complaint "fails to state a claim for relief against defendant and should therefore be dismissed."  (Docket 50 at p. 26 ¶ 2).

Pursuant to 28 U.S.C. § 636, the case was referred to United States Magistrate Judge Veronica L. Duffy "for the purposes of resolving pretrial motions and conducting any necessary hearings, including evidentiary hearings . . . ."  (Docket 75).  The magistrate judge issued a R&R addressing all four motions.  (Docket 82).  The report recommended the following:

1.  C&F Holdings' motion to dismiss should "be granted in part and denied in part."  Id. at p. 49 ¶ 1.  The magistrate judge recommended defendant's motion to dismiss "for lack of personal jurisdiction over this defendant be granted" and that "[t]he remaining arguments for dismissal on the basis of Rule 12(b)(6) (failure to state a claim) . . . be denied as moot."  Id. (bold and capitalization omitted);

2.  C&F Commercial's and North River's motion to dismiss should "be granted in part and denied in part."  Id. ¶ 2.  The magistrate judge recommended the defendants' motion to dismiss "for lack of personal jurisdiction should be denied

> . . . [the] motion to dismiss count [six³] of [the] complaint should be granted . . . and [the] motion to dismiss [the] remaining counts against these two defendants should be denied." Id. (bold and capitalization omitted); and

3. U.S. Fire's motion to dismiss "should be granted as to count [six] of [the amended] complaint and denied as to all other counts." Id. ¶ 3 (bold and capitalization omitted).

C&F Commercial and North River timely filed objections to the R&R. (Docket 83).

While the R&R was pending district court review, all four defendants filed a motion for a protective order. (Docket 87). Defendants' motion sought to prohibit plaintiff from taking the deposition of Mark Adee. Id. Mr. Adee is the Chairman and Chief Executive Officer of C&F Holdings. (Docket 88 at p. 1). The magistrate judge entered an order granting in part and denying in part defendants' motion (the "Adee deposition order"). (Docket 105). The magistrate judge found:

> Mr. Wetch has shown Mr. Adee has special knowledge of facts pertaining to the defense of personal jurisdiction—namely his simultaneous holding of officer-level positions in both the parent and a subsidiary company. . . . [B]y holding simultaneous officer-level positions in both the parent and subsidiary defendants herein, [Mr. Adee] is the holder of unique facts regarding that issue.

---

³The report and recommendation carried through plaintiff's numbering error in the amended complaint. See footnote 2 supra. It is clear from the analysis of the magistrate judge that the R&R intended to recommend dismissal of count VI, exploitation of an adult with a disability. See Docket 82 at pp. 34-47.

Id. at pp. 5-6.  The Adee deposition order permitted the deposition of Mr. Adee to proceed with certain restrictions not pertinent to the present analysis.  Id. at pp. 8-9.  Defendants timely filed objections to the Adee deposition order pursuant to Fed. R. Civ. P. 72(a).[4]  (Docket 106).

Before the court could resolve defendants' objections to the Adee deposition order, C&F Holdings, North River and C&R Commercial filed a joint motion to withdraw their earlier motions to dismiss for lack of personal jurisdiction and C&F Holdings renewed its earlier motion for a protective order regarding the deposition of Mr. Adee.  (Docket 107).  As grounds for their current motions, defendants C&F Holdings and North River declared:

> [They] have determined there is a significant amount of time and effort associated with the additional written discovery plaintiff has sought for personal jurisdictional purposes and in preparing and causing Adee to appear for deposition, and on the grounds stated herein, withdraw its (their) motion to dismiss (Docket[s] 45 & 46), and any related objections in the Report and Recommendation (Docket 83) regarding personal jurisdiction, and further each shall voluntarily submit to the jurisdiction of this court over its person for this case only.

Id. at pp. 1-2.  Defendants said they intended to "specifically retain, and do not waive . . . their motion to dismiss and related objections to the Report and Recommendation, to the extent . . . they have raised the affirmative defense of failure to state a claim (Docket[s] 45, 46, 83)."  Id. at p. 2 (internal parenthesis

---

[4]Pursuant to Fed. R. Civ. P. 72(a), "[t]he district court . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

5

omitted). Based on their current motion, C&F Holdings and North River agreed "the court may enter an order rendering that part of . . . their motion to dismiss, and related objections to the Report and Recommendation regarding personal jurisdiction, as moot, and each will file an answer without raising the defense of lack of personal jurisdiction within ten (10) days of an order granting the relief requested herein." Id. (internal parenthesis omitted).

  C&F Commercial continued to assert that it "is not an individual, corporation, partnership or unincorporated association; it is a fictitious name (hereinafter 'trade name') under which [North River] and [U.S. Fire] conducted business at the time of plaintiff's underlying work injury . . . ." Id. C&F Commercial advised "for purposes of this motion only, to the extent [C&F Commercial] is somehow later found by the court to be an entity and not a trade name . . . [C&F Commercial] agrees to withdraw the motion to dismiss (Docket 45), and related objections to the Report and Recommendation (Docket 83) to the extent of personal jurisdiction." Id. at pp. 2-3. C&F Commercial retained "its motion to dismiss and related objections to the [R&R] to the extent [C&F Commercial] has raised the affirmative defense of failure to state a claim . . . ." Id. at p. 3. Under those conditions, C&F Commercial "agrees the court may enter an order rendering that part of the motion to dismiss, and related objections regarding any personal jurisdiction of [C&F Commercial], as moot." Id. Based on their motions stated above, the defendants "request any continuing discovery . . . be limited to non-jurisdictional issues. . . . [and] [C&F

Holdings] renews its motion for [a] protective order relating to the deposition of [Mr.] Adee . . . ." Id.

Plaintiff filed a response to defendants' motions. (Docket 109). Mr. Wetch "objects to the extent that Defendants are seeking to preclude Plaintiff from discovering matters related to the relationships of the companies, the 'shared leadership,' or other evidence bearing on issues of agency, *respondeat superior*, or other vicarious liability theories that have been uncovered during the pendency of these proceedings." Id. at p. 2 (italics in original). Plaintiff argues "these matters are relevant to issues *beyond* jurisdiction alone." Id. at pp. 2-3 (emphasis in original). Mr. Wetch agreed to withdraw the deposition notice authorized by the Adee deposition order. Id. at p. 3. "[B]y doing so, Plaintiff does not intend to waive any issues, rights or opportunity to request such discovery again. Notably, Mr. Adee has *personally* submitted a declaration of facts . . . which may warrant further discovery given the conflicting evidence presented by the Defendants." Id. (emphasis in original; referencing Docket 90). Because Mr. Wetch intends to "withdraw the pending deposition, after the personal jurisdiction issues are resolved," plaintiff asserts "Defendants' Renewed Motion for Protective Order is/will be moot . . . ." Id.

Defendants filed a reply brief in support of their current motions. (Docket 110). First, unrelated to the current motions, defendants ask the court to strike Mr. Wetch's response to the defendants' objections to the R&R. Id. at p. 2 (referencing Docket 94). Defendants argue there is no authority

7

under Rule 72(a) for filing a response to objections and plaintiff never obtained leave of the court to file his response. Id. Second, defendants assert plaintiff "has not identified any claim or issue in this case—beyond personal jurisdiction—involving agency or vicarious liability." (Docket 110 at p. 3). For this reason, defendants argue plaintiff's suggestion concerning a future deposition of Mr. Adee associated with subjects other than personal jurisdiction is misplaced. Id.

The Federal Rules of Civil Procedure provide that the rules "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action . . . ." Fed. R. Civ. P. 1. The court finds pursuant to Rule 1 that defendants have shown good cause to grant their motions to withdraw their earlier motions to dismiss on the basis of a lack of personal jurisdiction and to overrule their objections to the R&R which make the same claims.

Rule 72 specifically states that "[a] party may respond to another party's objections [to an R&R] within 14 days after being served with a copy [of the objections]." Fed. R. Civ. P. 72(b)(2). Plaintiff's response to the defendants' objections to the R&R was timely filed. (Docket 94). Defendants' request to strike plaintiff's response is without merit.

The R&R recommends the district court grant C&F Holdings' motion to dismiss on the basis of lack of personal jurisdiction. (Docket 82 at

8

p. 49 ¶ 1). The R&R also recommends the motions to dismiss by C&R Commercial and North River based on a lack of personal jurisdiction be denied. Id. ¶ 2. C&F Commercial, C&F Holding and North River confirmed they will submit to the jurisdiction of this court for purposes of this case. (Docket 107 at pp. 2-3). Based on these concessions, the court must reject those portions of the R&R.

The R&R recommends dismissal of count VI of plaintiff's amended complaint. (Docket 82 at p. 49). No objections were filed by any party to this portion of the R&R and the time to do so expired. The court finds the analysis of the magistrate judge is an appropriate application of the law and it is adopted by the court. Defendants' Rule 12(b)(6) motions to dismiss the amended complaint for failure to state a claim upon which relief can be granted (Dockets 45-47) are granted in part. Count VI of the amended complaint will be dismissed with prejudice. The remainder of the recommendations in the R&R associated with defendants' Rule 12(b)(6) motions to dismiss and the remainder of defendants' objections to the R&R will be addressed in a separate order.

Accordingly, it is

ORDERED that the defendants' joint motion to withdraw their motions to dismiss based on lack of personal jurisdiction (Docket 107) is granted and defendants' motions (Dockets 45 & 46) are withdrawn.

9

IT IS FURTHER ORDERED that C&F Commercial's and North River's objections to the R&R (Docket 83) as the report addresses personal jurisdiction of these defendants are withdrawn.

IT IS FURTHER ORDERED that the recommendation of the R&R (Docket 82 at p. 49 ¶ 1) that the court grant C&F Holdings' motion to dismiss based on a lack of personal jurisdiction (Docket 45) is rejected as moot.

IT IS FURTHER ORDERED that the recommendation of the R&R (Docket 82 at p. 49 ¶ 2) that the court deny C&F Commercial's and North River's motion to dismiss based on a lack of personal jurisdiction (Docket 46) is rejected as moot.

IT IS FURTHER ORDERED that the court has personal jurisdiction over defendants C&F Commercial, C&F Holding and North River for purposes of this case only.[5]

IT IS FURTHER ORDERED that defendants' objections to the Adee deposition order (Docket 106) are withdrawn.

IT IS FURTHER ORDERED the Adee deposition order (Docket 105) is vacated.

---

[5] Because of the defendants' pending Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted, the court will not require them to file answers at this juncture. If the pending Rule 12(b)(6) motions are denied, answers to the amended complaint will be required at that time.

IT IS FURTHER ORDERED that C&F Holding's motions for a protective order (Dockets 87 & 107) are denied without prejudice as moot.[6]

IT IS FURTHER ORDERED that the portion of the R&R (Docket 82 at p. 49 ¶¶ 2(b) & 3) recommending dismissal of count VI of the amended complaint, exploitation of an adult with a disability, is adopted consistent with this order.

IT IS FURTHER ORDERED that defendants' motions to dismiss the amended complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Dockets 45-47) are granted in part as the motions relate to count VI of the amended complaint, exploitation of an adult with a disability.

IT IS FURTHER ORDERED that count VI of the amended complaint, exploitation of an adult with a disability (Docket 44 at pp. 16-17) is dismissed with prejudice.

NOTICE IS GIVEN that the remainder of the recommendations in the R&R (Docket 82) associated with defendants' Rule 12(b)(6) motions to dismiss and the remainder of defendants' objections (Docket 83) will be addressed in a separate order.

Dated March 21, 2019.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

---

[6]The court accepts Mr. Barari's representation as an officer of the court that upon the filing of this order plaintiff will withdraw his request to depose Mr. Adee.