UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAVID WETCH,<br><br>                Plaintiff,<br><br>    vs.<br><br>CRUM & FORSTER COMMERCIAL<br>INS.; NORTH RIVER INSURANCE<br>COMPANY; UNITED STATES FIRE<br>INSURANCE COMPANY; and CRUM &<br>FORSTER HOLDINGS CORP.,<br><br>                Defendants. | CIV. 17-5033-JLV |

**INTRODUCTION**

United States Magistrate Judge Veronica L. Duffy filed a report and recommendation ("R&R"). (Docket 82). Defendants filed objections to the R&R. (Dockets 83 & 83-1). Plaintiff filed a response to defendants' objections. (Docket 94). By a March 21, 2019, order the court granted the defendants' motion to dismiss "count VI of the amended complaint, exploitation of an adult with a disability." (Docket 120 at p. 11). The court reserved ruling on "the remainder of the recommendations in the R&R (Docket 82) associated with defendants' Rule 12(b)(6) motions to dismiss and the remainder of defendants' objections (Docket 83)[.]" Id. For the reasons stated below, defendants' objections (Dockets 83 & 83-1) to the R&R are overruled. The court adopts the R&R consistent with this order.

**ANALYSIS**

Plaintiff David Wetch filed a six-count amended complaint against all four defendants.[1]  (Docket 44).   The five claims remaining asserted the following: count I, bad faith; count II, intentional infliction of emotional distress; count III, Medicare Secondary Payer Act private cause of action; count IV,[2] conversion; and count V, exemplary and punitive damages.   Id. at pp. 13-17.

Defendants Crum & Forster Commercial Insurance ("C&F Commercial"), Crum & Forster Holdings Corporation ("C&F Holdings") and North River Insurance Company ("North River") filed motions to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(2) and(b)(6).   (Dockets 45 & 46). They assert the amended complaint fails to state a claim upon which relief may be granted.   Id.   Defendant United States Fire Insurance Company ("U.S. Fire") filed a motion pursuant to Rule 12(b)(6) to dismiss plaintiff's count VI of the amended complaint (Docket 47) and subsequently filed an answer asserting the amended complaint "fails to state a claim for relief against defendant and should therefore be dismissed."   (Docket 50 at p. 26 ¶ 2).

---

[1]Count VI was dismissed by the March 21, 2019, order.   (Docket 120 at p. 11).

[2]Plaintiff mistakenly labeled this as "count III."   (Docket 44 at p. 15) (capitalization and bold omitted).   Because of this mistake, the remaining counts were misnumbered.   The court will identify each count of the amended complaint as though they were correctly numbered.

Pursuant to 28 U.S.C. § 636, the case was referred to Magistrate Judge Duffy "for the purposes of resolving pretrial motions and conducting any necessary hearings, including evidentiary hearings . . . ." (Docket 75). The magistrate judge issued a R&R addressing defendants' motions. (Docket 82). The report recommended, in relevant part, the following:

1. C&F Holdings' "arguments for dismissal on the basis of Rule 12(b)(6) (failure to state a claim) . . . be denied as moot." <u>Id.</u> at p. 49 ¶ 1 (bold and capitalization omitted);

2. C&F Commercial's and North River's motion to dismiss the "remaining counts against these two defendants should be denied." <u>Id.</u> (bold and capitalization omitted); and

3. U.S. Fire's motion to dismiss "should be . . . denied as to all . . . counts." <u>Id.</u> ¶ 3 (bold and capitalization omitted).

C&F Commercial and North River timely filed objections to the R&R. (Docket 83).[3] Pursuant to Fed. R. Civ. P. 72(b)(2) plaintiff timely filed a response (Docket 94) to defendants' objections. <u>See</u> Docket 120 at p. 8.

Defendants filed 39 specific objections to the R&R. (Docket 83-1). Several of defendants' objections relate to the R&R's consideration of the 1992 litigation captioned <u>Wetch v. North River Insurance Co. and Crum & Forster</u>

---

[3]C&F Holdings did not file objections to the R&R because the report recommended granting the defendant's motion to dismiss on the basis of lack of personal jurisdiction. (Docket 82 at p. 49 ¶ 1). C&F Holdings subsequently withdrew its motion to dismiss on the basis of personal jurisdiction. (Docket 107). For purposes of the present motion, the court will consider the objections filed by C&F Commercial and North River as having been filed on behalf of C&F Holdings. For purposes of this order, the term "defendants" refers jointly to C&F Commercial, Norther River and C&F Holdings, the parties which filed objections to the R&R.

Commercial Insurance Co., CIV. No. 92-5123 (D.S.D. 1992) ("1992 litigation").

Defendants claim the R&R "includes independent research relating to plaintiff's 1992 litigation, which was not submitted by either party, and for which defendants were not given any notice or an opportunity to be heard before the [R&R] was filed." (Docket 83 at p. 2). Defendants contend "[p]laintiff did not produce [the] 1992 complaint, [d]efendants' 1992 motion and answer (which, while not discussed in the [R&R], included a motion to dismiss) or any evidence adduced by either party in the 1992 litigation." Id. at p. 10. For these reasons, defendants argue their objections to the R&R "should be granted on the basis . . . the 1992 litigation was not part of the record." Id.

With each specific objection associated with the 1992 litigation, defendants' basis for the objection is "[j]udicial [n]otice of facts without notice and opportunity." (Docket 83-1 at pp. 1-2, 5-6 & 10). Other variations of the same objection interposed by the defendants are the "[e]vidence not in record," "[n]ot in evidence," "[i]t is not part of the record in this case," "[e]vidence not before court" or "[a]nswer not in evidence." Id. at pp. 1, 5-6 & 9-10. While making these objections, defendants also ask the court to specifically consider parts of the 1992 litigation. Id. at pp. 1-2, 6-10; see also Dockets 83 at pp. 3, 5-8 & 15 and 84-1 through 84-8.

Defendants were on notice by plaintiff's complaint that the 1992 litigation would play some role in the present litigation. See Dockets 1 ¶¶ 16-

4

18 and 1-2.[4]   Plaintiff's submissions in response to defendants' motion to dismiss specifically referenced the 1992 litigation.   See Dockets 24; 28 at pp. 3-5; and 28-1 at pp. 2-4.   In fact, defendants' reply brief specifically drew the magistrate judge's attention to the 1992 litigation.   See Docket 30 at pp. 6 & 9.   Plaintiff's supplemental response again referenced the 1992 litigation.   See Dockets 52 at pp. 5-6 and 53-4 at pp. 2-3.

As will be highlighted later in this order, the magistrate judge took judicial notice of facts which were part of the earlier litigation between the same parties.   See Fed. R. Evid. 201(b) and (b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").   Rule 201 further provides that "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.   If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. Rule 201(e).   Finally, under Rule 201, the magistrate judge "must take judicial notice if a party requests it and the court is supplied with the necessary information."   Fed. R. Evid. 201(c)(2).   Defendants were on notice the court would likely review the 1992 litigation since it was readily accessible through the CM/ECF court indexing system and had been referenced by both

---

[4]The amended complaint made similar reference to the 1992 litigation. (Docket 44 ¶¶ 17-18).

parties.   At no time during briefing on defendants' motion to dismiss did they request leave to be heard regarding the propriety of considering the 1992 litigation.   It is disingenuous for defendants to assert objections to the work of the magistrate judge when defendants themselves made reference to the 1992 litigation.

The court finds defendants' judicial notice objections are without merit. The magistrate judge properly considered the 1992 litigation and incorporated facts which could not be challenged.   Defendants' objections based on judicial notice are overruled.

Turning to defendants' specific objections to statements in the R&R, the court will address each objection without reference to the page of the R&R where the statement was made.   Defendants' objections are as follows:

1.     North River and C&F Commercial Ins. specifically admitted they provided the relevant workers compensation insurance and adjusting services in connection with Mr. Wetch's claim. (Referencing 1992 litigation, Docket 5 at p. 4).

Defendants claim there is no evidence in the record to support this statement.   (Docket 83-1 at p. 1).   In plaintiff's complaint in the 1992 litigation, Mr. Wetch alleged:

4.     At all times relevant herein, North River Insurance Company provided worker's compensation insurance to the Employer.

5.     At all times relevant herein, the Defendant Crum & Forster Commercial Insurance provided adjusting and claims services to the Insurer, North River Insurance Company.

(1992 litigation, Docket 1 at p. 7 ¶¶ 4 & 5). In their joint answer, North River and C&F Commercial admitted paragraphs 4 and 5 of the complaint. <u>Id.</u>, Docket 5 ¶ XI.

Defendants' objection to the factual statement made in the R&R is without merit. It is first-year law school civil procedure that an answer which admits an allegation of a complaint is deemed to be true and no further proof is required of the fact stated. "In responding to a pleading, a party must . . . admit or deny the allegations alleged against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An answer which admits an allegation in the complaint concedes the statement is true. <u>See</u> <u>Commonwealth of Kentucky v. State of Indiana</u>, 281 U.S. 163, 175 (1930) ("By admitting in its answer that the allegations of the complaint are true, the state of Indiana admits the making of the contract and the authority of its officers to make it under the applicable legislation. Not only are the allegations of fact in the complaint conceded to be true, but there is also no dispute as to the legal import of these facts.").

The statement in the R&R is an accurate summary of the allegations in the complaint and the defendants' answer in the 1992 litigation. Defendants' objection 1 is overruled.

2.      North River and C & F Commercial Ins. filed a very extensive joint answer in which a veritable litany of affirmative defenses were [sic] raised, but they never argued that the court lacked personal jurisdiction over them. (Referencing 1992 litigation, Docket 5).

Defendants contend this statement is not based on any evidence in the record. (Docket 83-1 at p. 1). A cursory examination of the answer filed by North River and C&F Commercial in the 1992 litigation allows the court to conclude the answer was extensive and contained several affirmative defenses but the defendants never raised the absence of personal jurisdiction to claim the court should not proceed on plaintiff's complaint. See 1992 litigation, Docket 5.

The statement in the R&R is an accurate summary of defendants' 1992 litigation answer. Defendants' objection 2 is overruled.

3.      Neither North River nor C & F Commercial Ins. ever moved to dismiss for lack of personal jurisdiction in this prior federal case involving these same parties, this same work injury, and this same obligation or lack thereof to pay workers compensation benefits.

Defendants argue this observation in the R&R is not based on any evidence in the record. (Docket 83-1 at p. 1). Defendants fail to point to any filing in the 1992 litigation which supports their objection. A review of the 1992 litigation permits the court to find the statement in the R&R is a proper conclusion derived from the earlier case.

The statement in the R&R is an appropriate observation and conclusion derived from a review of the 1992 litigation. Defendants' objection 3 is overruled.

4.      Apparently the distinction was being drawn for purposes of determining the appropriate defendant's net worth to submit to the jury in connection with Mr. Wetch's claim for punitive damages. (Referencing 1992 litigation, Dockets 57 & 58).

8

Defendants submit this observation in the R&R is not based on any evidence in the record. (Docket 83-1 at p. 2). While the magistrate judge may not have the opportunity to specifically review the defendants' pleadings in the 1992 litigation, it is clear from the docket text in CM/ECF the documents were associated with the financial condition of North River and C&F Commercial. See 1992 litigation, Dockets 57 ("Motion in limine re: punitive damages/financial condition by defendant North River . . . [and] Crum and Forster Ins[.]") and 58 ("Memorandum by defendant North River . . ., defendant Crum & Forster Ins[.] in support of motion in limine re: punitive dam[ages]/ financial condition[.]").

The magistrate judge's statement is a fair comment on at least one of the reasons the defendants may have wanted to separate themselves from Mr. Wetch's claims. Defendant's objection 4 is overruled.

5. Mr. Donovan further asserted that C & F Commercial Ins. undertook actions on behalf of North River—i.e. that C & F Commercial Ins. was the agent of North River.

Defendants assert this statement "is in error." (Docket 83-1 at p. 2). They claim Mr. Donovan's affidavit did not state "that Crum & Forster Commercial Insurance was an agent of North River or that it had undertaken any actions on behalf of North River." Id. Instead, defendants claim "Mr. Donovan actually attested all actions taken in the [1992 litigation was] undertaken by North River, which does business under the trade name Crum & Forster Commercial Insurance." Id.

Mr. Donovan's 1993 affidavit was filed in the current case as an exhibit in support of plaintiff's brief in resistance to defendants' motions. <u>See</u> Docket 28-1 at pp. 2-5. Mr. Donovan stated "[t]he proper trade name pursuant to which several insurers owned directly or indirectly by Crum and Forster, Inc., a New Jersey corporation did business [as] 'Crum & Forster Commercial Insurance.'" <u>Id.</u> ¶ III. The affidavit continued, "[t]he activities of The North River Insurance Company in this action [the 1992 litigation] were undertaken by that company. No contention is being made that The North River Insurance Company should not be held liable for any act done by it or <u>its representative under the trade name 'Crum and Forster Commercial Insurance.'</u>" <u>Id.</u> ¶ V (emphasis added).

While Mr. Donovan's affidavit did not use the term "agent," it is a fair reading of the statement that its representative, its agent, was "Crum and Forster Commercial Insurance." <u>Id.</u> The R&R is a fair interpretation of Mr. Donovan's affidavit. Defendants' objection 5 is overruled.

6.    Mr. Donovan assured the court it was *not* making any contention that North River should not be held liable for any acts undertaken by C & F Commercial Ins. on its behalf. (Emphasis in R&R).

Defendants claim this statement "is in error . . . . [because] Mr. Donovan's affidavit plainly states that the actions taken in the underlying matter were taken by North River—not Crum & Forster Commercial Insurance, which is merely a trade name under which North River did business." (Docket 83-1 at p. 2). Again, the affidavit specifically stated that "[n]o contention is

being made that The North River Insurance Company should not be held liable for any act done by it or <u>its representative under the trade name 'Crum and Forster Commercial Insurance.'</u>" (Docket 28-1 ¶ V) (emphasis added).

If defendants' argument was correct, the affidavit would not have referenced North River's "representative" and the declaration made by Mr. Donovan would have simply ended with the words "done by it." <u>Id.</u> The statement by the magistrate judge is a proper interpretation of Mr. Donovan's 1993 affidavit. Defendants' objection 6 is overruled.

7. If Mr. Donovan's affidavit was truthful and C & F Commercial Ins. has no employees, then Ms. Hoek appears to have been employed by *both* North River and US Fire Ins. *simultaneously* as their claims adjustor. . . . Another possibility is that Mr. Donovan's affidavit *was* untruthful and Ms. Hoek *was* an employee of C & F Commercial Ins. (Emphasis in R&R; referencing Docket 53-5).

Defendants argue "[i]t is uncommon for an employee to work for both the parent company and its subsidiary." (Docket 83-1 at p. 2). Defendants submit that just because "Ms. Hoek was employed by both North River and US Fire does not make Mr. Donovan's affidavit untruthful." <u>Id.</u>

Mr. Donovan claims C&F Commercial has no employees, yet it may have been a representative of North River. (Docket 28-1 ¶¶ IV and V). Ms. Hoek, on the other hand, acted as both a claims adjustor for U.S. Fire and North River. (Docket 52 at pp. 5-6). Notwithstanding defendants' assertions, C&F Commercial was the only named insurer in the case cited by plaintiff, <u>Suhn v. Hyland Angus Ranch, Employer, and Crum & Forster Commercial Insurance,</u>

Insurer, S.D. Department of Labor, HF No. 278, 1990/91, 1992 WL 518728 (May 5, 1992).

The court finds the magistrate judge's statement was a fair comment on the confusion created by C&F Commercial, North River and U.S. Fire. Since Ms. Hoek was the claims adjustor in Suhn and C&F Commercial was the only identified insurer in that workers' compensation case before the South Dakota Department of Labor, Division of Labor and Management ("SDDOL"), it is reasonable to conclude Ms. Hoek was an employee of C&F Commercial. If that conclusion is correct, then it is a "possibility" that Mr. Donovan's statement was untruthful. (Docket 82 at p. 5). Defendants' objection 7 is overruled.

8.    In proceedings before the SDDOL in late 2015, C & F Commercial Ins. appeared and defended its position that the medical expenses were not, or not wholly, its obligation to pay under the 1994 stipulation. (Referencing Docket 1-15).

Defendants claim this statement in the R&R is not accurate because "C & F Commercial Ins. did not 'appear and defend' [in the 2015 SDDOL proceeding]." (Docket 83-1 at p. 3). Like in Suhn, C&F Commercial is the only named insurer identified in Mr. Wetch's worker's compensation case before the SDDOL. See Docket 1-15. C&F Commercial did appear and defend against Mr. Wetch's claims in 2015. Id. The statement in the R&R is an accurate analysis of the 2015 proceedings. Defendants' objection 8 is overruled.

12

9.  C & F Commercial Ins. never argued that it was not connected to Mr. Wetch's worker's compensation claim or that Mr. Wetch had named the wrong party.   (Referencing Docket 1-15).

Defendants contend this statement in the context of the 2015 proceeding before the SDDOL is in error.   (Docket 83-1 at p. 3).   The court finds, in the context of Mr. Wetch's motion for partial summary judgment, C&F Commercial's briefs did not assert it was not the insurer or that he had identified the wrong party as the employer's worker's compensation insurance company.   (Docket 1-15).   The statement in the R&R is an accurate analysis of the 2015 SDDOL proceedings.   Defendants' objection 9 is overruled.

10.  It also never argued that the SDDOL had no personal jurisdiction over it.   (Referencing Docket 1-15).

Defendants contend this reference to the 2015 proceeding is in error. (Docket 83-1 at p. 3).   The court finds the insurer's brief did not assert that the SDDOL did not have personal jurisdiction over C&F Commercial.   (Docket 1-15).   The statement in the R&R is an accurate analysis of the 2015 proceedings.   Defendants' objection 10 is overruled.

11.  A 2018 affidavit executed by Jeanine Ramstack casts doubt on Mr. Donovan's assertion in his 1993 affidavit that C & F Commercial Ins. has no employees.

Defendants assert this statement is in error because C&F Commercial has no employees.   (Docket 83-1 at p. 3).   To place the magistrate judge's observation in context, the court must compare Ms. Ramstack's affidavit with the affidavit of Mr. Donovan.   Compare Dockets 28-1 and 52-1.   Mr. Donovan

declared C&F Commercial "has no employees."   (Docket 28-1 ¶ IV).   Ms.

Ramstack's affidavit begins with her declaration that she is "a Regional

Director for workers compensation claims at Crum & Forster Commercial

Insurance ('Crum & Forster')."   (Docket 52-1 ¶ 1).

The court finds Ms. Ramstack's affidavit casts doubt on the veracity of

Mr. Donovan's statement.   The court finds the magistrate judge's statement

was a fair comment on presentations made by the defendants' employees.

Defendants' objection 11 is overruled.

12.   In a 2018 affidavit filed in proceedings involving Mr. Wetch's case in
      South Dakota state court, Ms. Ramstack filed an affidavit purporting
      to be the "Regional Director for workers compensation claims" for
      "Crum & Forster Commercial Insurance."   (Referencing Docket
      52-1).

Defendants suggest the magistrate judge's summary is mistaken because

"[Ms.] Ramstack uses a fictitious name in describing her position as 'the

Regional Director for workers compensation claims,' but that alone does not

prove she is an *employee* of the fictitious name (which she unmistakably

abbreviates as 'Crum & Forster')."   (Docket 83-1 at p. 3) (bold omitted; italics

substituted).   Defendants contend her "use of the trade name (which she

unmistakably abbreviates as 'Crum & Forster') should not be surprising since

'Crum & Forster' is the well-known registered trademark of US Fire . . . ."   Id.

Defendants argue "[Ms.] Ramstack's representation is unremarkable and

certainly not fraudulent."   Id.

Neither the magistrate judge nor the court suggest Ms. Ramstack's statement is fraudulent. Rather, the only significance of the magistrate judge's statement is that it is a proper summary of the introductory paragraph of Ms. Ramstack's affidavit. The court finds the statement is an accurate recounting of Ms. Ramstack's testimony under oath. Defendants' objection 12 is overruled.

13. Furthermore, [Ms. Ramstack] makes reference to Mr. Wetch's claims file which [she] said, under oath, consisted of documentation and entries made by Crum & Forster Commercial Insurance "personnel." (Referencing Docket 52-1).

Defendants object to this statement on the basis that Ms. Ramstack "did not identify 'employees' of that entity or 'Crum & Forster Commercial Insurance.' " (Docket 83-1 at pp. 3-4). Defendants contend she did not "aver under oath that . . . 'Crum & Forster Commercial Insurance' '*employed* "personnel" ' who handled Mr. Wetch's claim." Id. (referencing Docket 52-1; bold omitted; italics substituted). Rather, defendants argue Ms. "Ramstack averred only 'the Wetch *claim file* contains documentation and entries made and maintained by Crum and Forster claim personnel.' " Id. (referencing Docket 52-1; bold omitted; italics substituted).

Throughout Ms. Ramstack's affidavit she intended Crum & Forster to be a short-cut reference for Crum and Forster Commercial Insurance. (Docket 52-1 ¶ 1). She specifically stated Mr. Wetch's "claim file contains documentation and entries made and maintained by Crum & Forster claim

personnel in the course of Crum & Forster's regular business." Id. ¶ 3. It is

not relevant to this order that Ms. Ramstack did not specifically identify by

name or status the individuals within C&F Commercial who worked on Mr.

Wetch's claim file. It is clear Ms. Ramstack intended there were individuals

within C&F Commercial who worked on Mr. Wetch's file.

Defendants' objection is without merit. Defendants' objection 13 is

overruled.

14.    Thus, unlike Mr. Donovan, Ms. Ramstack affirmatively identified
       employees of C & F Commercial Ins., including herself.

Defendants interpose the same objection to this statement as made in

objection 13. (Docket 83-1 at p. 4). Ms. Ramstack specifically stated under

oath she was "a Regional Director for workers compensation claims at Crum &

Forster Commercial Insurance ('Crum & Forster')." (Docket 52-1 ¶ 1). This

declaration cannot be clearer. As indicated in the analysis to objection 13, it

is not relevant Ms. Ramstack did not name those individuals within C&F

Commercial who worked on plaintiff's worker's compensation file. What is

relevant is that she indicated there were people within C&F Commercial who

worked on the file.

Defendants' objection is without merit. Defendants' objection 14 is

overruled.

15.    During 2017 and 2018, Linda Hanke and Jeanine Ramstack
       communicated via email with various people in connection with Mr.
       Wetch's workers compensation claim. . . . Ms. Hanke identified
       herself by the title "Senior Specialist, Workers Compensation

16

Claims" for "Crum & Forster." . . . Ms. Ramstack, consistent with her affidavit discussed above, identified herself as "Regional Director /Workers Compensation Claims" ("Crum & Forster."). (Referencing Docket 52-1).

Defendants do not specifically challenge the statements made here, but object because Ms. Hanke's and Ms. Ramstack's "signature lines in various communications refer[] to 'Crum & Forster,' the registered trademarks of US Fire, the only real party-in-interest here." (Docket 83-1 at p. 4).

Defendants' objection is not relevant to the statements of the magistrate judge. Ms. Hanke specifically identified herself as a "Senior Specialist, Workers Compensation Claims Crum & Forster." (Docket 52-1 at p. 13, 15-16 & 18). These declarations are consistent with the earlier statement, under oath, by Ms. Ramstack.

Defendants' objection is without merit. Defendants' objection 15 is overruled.

16.    The court clearly has personal jurisdiction over C & F Commercial Ins. The question is not even close.

This objection (Docket 83-1 at p. 4) was withdrawn when C&F Commercial stipulated to personal jurisdiction. See Docket 107. Defendants' objection 16 is overruled.

17.    C & F Commercial Ins. waived any personal jurisdiction defense it may have had in regard to Mr. Wetch's 1992 bad faith action in this court by appearing generally and never raising an objection based on personal jurisdiction.

This objection (Docket 83-1 at pp. 4-5) was withdrawn when C&F Commercial stipulated to personal jurisdiction.   <u>See</u> Docket 107.   Defendants' objection 17 is overruled.

18.   In its answer to Mr. Wetch's 1992 bad faith complaint, C & F Commercial Ins. admitted it provided the adjusting services as to Mr. Wetch's workers compensation claim.   (Referencing 1992 litigation Docket 5 at p. 4).

Defendants' objection (Docket 83-1 at p. 5) that the answer in the 1992 litigation is not properly evidence in the current case was resolved earlier in this order.   Defendants' objection to this statement was resolved in the court's analysis of objection one.   For the same reasons, defendants' objection is without merit.   Defendants' objection 18 is overruled.

19.   C & F Commercial Ins. then voluntarily entered into a stipulation, identifying itself as the "insurer," which stipulation was adopted by the SDDOL, regarding provision of workers compensation benefits to Mr. Wetch in the 1994 stipulation.   Since then, it has voluntarily appeared multiple times in proceedings before both the SDDOL and the state courts of South Dakota.

Defendants' objection to these statements does not specifically challenge the factual basis for the statements.   (Docket 83-1 at p. 5).   Rather, defendants repeat the same objection interposed to earlier objections.   <u>Id.</u>   For the same reasons stated in the court's analysis of earlier objections, defendants' objection is without merit.   Defendants' objection 19 is overruled.

20.   The motion to dismiss by C & F Commercial Ins. for lack of personal jurisdiction is all but specious.

This objection (Docket 83-1 at p. 5) was withdrawn when C&F Commercial stipulated to personal jurisdiction. <u>See</u> Docket 107. Defendants' objection 20 is overruled.

21. Supposedly, Westchester was the appropriate entity handling Mr. Wetch's claim until US Fire took over in September, 1993. (Referencing Docket 24 at p. 5).

Defendants' objection simply refers to exhibits attached to the affidavit of Eric Tibak. (Docket 83-1 at p. 5) (referencing Dockets 86-1 & 86-3). Relevant to this case, the assumption and indemnity reinsurance agreement indicated that as of January 1, 1993, Westchester agreed to transfer all of its insurance business to U.S. Fire. (Docket 86-1).

The R&R references the affidavit of Sonia Scala. (Docket 24). Ms. Scala is employed by U.S. Fire and is the assistant secretary of both U.S. Fire and North River. <u>Id.</u> ¶ 1. She declared that "[i]n September, 1993, US Fire, through novation or as the assumptive reinsurer, became responsible for certain Westchester policies, including [Mr. Wetch's policy]." <u>Id.</u> ¶ 21. Defendants' brief specifically references Ms. Scala's statement. (Docket 23 at p. 1 n.1).

Defendants do not explain the discrepancy why the assumption and indemnity reinsurance agreement states the transfer was effective January 1, 1993, and Ms. Scala's October 2017 affidavit states the transfer from Westchester to U.S. Fire occurred in September 1993. If defendants are

intending to impeach Ms. Scala's sworn testimony, the reason in unclear. The

magistrate judge took Ms. Scala's statement as accurate.

The statement in the R&R is reasonable based on Ms. Scala's affidavit.

Defendants' objection 21 is overruled.

22.   Ms. Scala's affidavit fails to explain why, in October 1992, counsel
      for North River and C & F Commercial Ins. filed an answer to Mr.
      Wetch's first bad faith complaint *admitting* that "at all times relevant
      [to Mr. Wetch's claims] North River Insurance Company [*not*
      Westchester or US Fire] provided worker's compensation insurance
      to [Midcontinent]."   (Italics in R&R; bold omitted and italics
      substituted) (referencing 1992 Dockets 1 ¶ 4 and 5 ¶ XI).

Defendants do not challenge the magistrate judge's inquiry.   (Docket 83-

1 at p. 5).   The inquiry is intended to address defendants' challenge to

personal jurisdiction.   This objection was withdrawn when North River

stipulated to personal jurisdiction.   See Docket 107.   Defendants' objection 22

is overruled.

23.   Nor does Ms. Scala's affidavit explain why, in October 1992, counsel
      for North River and C & F Commercial Ins. filed an answer to Mr.
      Wetch's first bad faith complaint *admitting* that "at all times relevant
      [to Mr. Wetch's claims] Crum & Forster Commercial Insurance [*not*
      Westchester or US Fire] provided adjusting and claims services to
      the Insurer, North River."   (Italics in R&R; bold omitted and italics
      substituted) (referencing 1992 Dockets 1 ¶ 5 and 5 ¶ XI).

Defendants interpose the same objection as asserted in objection 22.

(Docket 83-1 at pp. 5-6).   For the reasons stated above, that portion of

defendants' objection is overruled.

Defendants do not challenge the magistrate judge's inquiry.   The inquiry

is intended to address defendants' challenge to personal jurisdiction.   This

objection was withdrawn when C&F Commercial stipulated to personal

jurisdiction.   <u>See</u> Docket 107.   Defendants' objection 23 is overruled.

24.     Ms. Scala would have this court accept her word that only
        Westchester or US Fire had any claims handling responsibilities for
        Mr. Wetch's claim, despite the admissions made by North River and
        C & F Commercial in the earlier 1992 litigation.

Defendants interpose the same objection as asserted in objection 22.

(Docket 83-1 at p. 6).   For the reasons stated above, that portion of

defendants' objection is overruled.

Defendants' objection does not otherwise challenge the magistrate

judge's inquiry.   The inquiry is intended to address defendants' challenge to

personal jurisdiction.   This objection was withdrawn when North River and

C&F Commercial stipulated to personal jurisdiction.   <u>See</u> Docket 107.

Defendants' objection 24 is overruled.

25.     Significantly, the court notes that the stipulation settling Mr.
        Wetch's entitlement to workers compensation benefits was signed in
        November, 1994. . . . According to Ms. Scala, this was 13 months
        *after* US Fire had assumed responsibility for Mr. Wetch's claim (in
        September, 1993).   Yet the named party in that stipulation is
        "Crum & Forster Commercial Ins., *Insurer*," not US Fire.   (Italics in
        R&R; bold omitted and italics substituted) (referencing Docket 1-1).

Defendants' objection again asserts the same claim that C&F

Commercial is a fictitious name under which U.S. Fire was doing business at

the time of plaintiff's original injury.   (Docket 83-1 at p. 6).   Defendants do not

offer any specific response to these statements in the R&R.   Defendants

submitted the release of all claims from the 1992 litigation.   (Docket 84-5).

21

The release specifically identified the "Releasees" as "The North River Insurance Company and Crum & Forster Commercial Insurance." Id. at p. 1.

The statements in the R&R are reasonable based on the evidence before the court. Defendants' objection 25 is overruled.

26.    Did defendants perpetrate a fraud on the parties and the SDDOL in 1994? Or are they trying to perpetrate a fraud now? In late 2015, C & F Commercial Ins. again appeared before the SDDOL under a caption identifying it as "insurer" and filed a response to Mr. Wetch's summary judgment motion, never "revealing" that it was not a legal entity, let alone not the "insurer." (Referencing Docket 1-15).

Defendants assert it was Mr. Wetch who created the caption of the 1992 litigation not the defendants. (Docket 83-1 at p. 6). Defendants submit the first report of injury "plainly notes who the insurer was—not Crum & Forster Commercial Insurance—but Worchester [sic] Fire." Id.

Since U.S. Fire took over the claim, defendants contend "US Fire has charged and received premiums on the policy; participated in and made all decisions regarding the adjustment, settlement, and/or payment of plaintiff's claim; and employed all individuals who handled plaintiff's underlying worker's compensation claim." Id. at p. 7. Defendants argue "[t]o be clear, there has been no 'perpertration [sic] of fraud' on any court or administrative agency." Id. (brackets omitted).

While the term "fraud" may be harsh, it is used in a fair rhetorical inquiry about the defendants' manner of conducting business. Certainly, defendants' employees reviewed the pleadings filed by plaintiff in 1992 and

their attorneys' proposed pleadings and responses filed both before the SDDOL, the state circuit court and the federal district court. At best, defendants' conduct is sloppy and at worst is a fraud upon the agency and the courts.

The statements in the R&R are reasonable based on the evidence before the court. Defendants' objection 26 is overruled.

27. However, Jeanine Ramstock [sic] submitted an affidavit in South Dakota state court in June, 2018—just six months ago—stating in connection with further litigation over Mr. Wetch's claim that she *was* an employee of C & F Commercial Ins. (Italics in R&R).

Defendants' interpose the same objection to this statement as to the statement in objection 12. (Docket 83-1 at p. 7). The court incorporates the analysis of objection #12 and rejects defendants' objection to the statement here.

The court finds the statement is an accurate recounting of Ms. Ramstack's testimony under oath. Defendants' objection 27 is overruled.

28. Furthermore, Ms. Ramstock [sic] averred under oath that C & F Commercial Ins. employed "personnel" who handled Mr. Wetch's claim.

Defendants interpose the same objection to this statement as interposed in objection 13. (Docket 83-1 at pp. 7-8). But this time defendants contend Ms. "Ramstack actually averred '[t]he Wetch claim file contains documentation and entries made and maintained by *Crum and Forster* claim personnel.' " Id. (referencing Docket 52-1; bold omitted; italics substituted). Defendants remind the court that "Crum and Forster" was a reference to it as a registered

trademark of U.S. Fire.   Id.   They suggest that Ms. Ramstack really meant

Crum and Forster to reference only U.S. Fire.   Id.

As the court pointed out in its analysis of objection 13, Ms. Ramstack's

affidavit referenced Crum & Forster Commercial Insurance as "Crum &

Forster." (Docket 52-1 ¶ 1).   She intended "Crum & Forster" to be a shortcut

reference to Crum and Forster Commercial Insurance.   Id.

Defendants' objection is disingenuous and without merit.   Defendants'

objection 28 is overruled.

29.    Finally, Ms. Ramstock [sic] appeared in person in that state court
       proceeding as a representative of C & F Commercial Ins.
       (Referencing Docket 53-1 at p. 3:16-20; p. 4:1; and p. 5:13).

Defendants contend that nowhere in the referenced transcript did Ms.

Ramstack appear as a representative of C&F Commercial.   (Docket 83-1 at

p. 8).   Defendants acknowledge she "was present for the hearing, [but] she was

not put on the stand, was not under oath, and made no such representations."

Id.

The only insurer identified in the caption of the transcript was the same

insurer designated in the caption of the SDDOL file, C&F Commercial.

Compare Dockets 53-1 at p. 1 and 80-1.   Counsel for C&F Commercial

specifically acknowledged a representative of the defendant insurer was present

for the hearing before the Seventh Judicial Circuit Court, Pennington County,

South Dakota. (Docket 53-1 at p. 5:1).[5] When the circuit court judge suggested the representative "take the message home [that plaintiff can prove his case]," Ms. Ramstack declared "I can." Id. at p. 6:13. At no time during the hearing was there any suggestion that C&F Commercial was an improper party or that Ms. Ramstack appeared on behalf of anyone other than C&F Commercial.

Defendants' objection is without merit. Defendants' objection 29 is overruled.

30.     Whether C & F Commercial Ins. is perpetrating a fraud now, or did so in past litigation relating specifically to Mr. Wetch and specifically to this claim, is not necessary to sort out at this juncture.

Defendant interposes the same objection as it interposed in objection 26. (Docket 83-1 at p. 8). For the same reasons stated in the analysis of objection 26, the court finds defendants' objection is without merit. The statement of the magistrate judge is a fair inquiry and is not a final resolution of the question. Defendants' objection 30 is overruled.

31.     Here, Mr. Wetch has shown that C & F Commercial Ins. availed itself of South Dakota forums—administrative, state court and federal court--for the better part of the last 25 years essentially litigating the same work-related injury from July, 1991.

Defendants contend this statement "is in error for multiple reasons." (Docket 83-1 at p. 9). While several of defendants' objections are repetitive of

_____

[5]The court references the page in CM/ECF as opposed to the page of the transcript.

previous objections asserted, they contend "[p]laintiff did not submit this evidence in resisting defendants' motions to dismiss. It is not part of the record." Id. Contrary to defendants' argument, Mr. Wetch did submit substantial evidence of C&F Commercial's participation in multiple forums litigating plaintiff's claims. That evidence has been mentioned throughout this order and need not be restated here.

Defendants' objection is without merit. Defendants' objection 31 is overruled.

32. Nor does this court's exercise of jurisdiction over C & F Commercial Ins. offend "traditional notions of fair play and substantial justice."

Defendants' objection reargues their previous positions and need not be restated here. (Docket 83-1 at p. 9). This objection was withdrawn when C&F Commercial stipulated to personal jurisdiction. See Docket 107. Defendants' objection 32 is overruled.

33. Especially because of the conflicting sworn testimony submitted in various forums in this state, South Dakota has a keen interest in getting to the bottom of this shell game and finding out the truth. Mr. Wetch has satisfied his burden to establish personal jurisdiction over C & F Commercial Ins.

Defendants object to the magistrate judge describing defendants past conduct as a "shell game." (Docket 83-1 at p. 9). As described earlier in this order, the court finds conflict in the sworn testimony before the forums in which Mr. Wetch litigated his claims. Defendants now consider these conflicts "some confusion in the early stages in the 1990s . . . ." Id.

The testimony certainly has been confusing but resolution of the conflicting sworn testimony cannot be performed in this Rule 12(b)(6) proceeding.   Braden v. Wal-Mart, 588 F.3d 585, 594 (8th Cir. 2009). Defendants' objection 33 is overruled.

34.   Mr. Wetch named North River as the insurer in his 1992 bad faith case.  North River admitted that it was the insurer and waived any argument it may have had that the court lacked personal jurisdiction over it.

Defendants interpose the same objections interposed in objection one.

(Docket 83-1 at p. 10).   For the same reasons articulated earlier, defendants' objections are without merit.   Defendants' objection 34 is overruled.

35.   Unless North River was perpetrating a fraud on the court in 1992, there is sufficient evidence to exercise specific jurisdiction over North River in this case—by it's [sic] own admission, it was the insurer for Mr. Wetch's claim.

Defendants interpose the same objections interposed in objection one.

(Docket 83-1 at p. 10).   For the same reasons articulated earlier, defendants' objections are without merit.   Defendants' objection 35 is overruled.

36.   Again, the court is faced with the issue of determining whether North River was lying in 1992 when it urged the district court to consider only its own financial situation and not US Fire's, or whether it is lying now.

Defendants interpose the same objections interposed in earlier objections.  (Docket 83-1 at p. 10).   For the same reasons articulated earlier, defendants' objections are without merit.   The credibility of the evidence

cannot be resolved in this Rule 12(b)(6) proceeding.   <u>Braden</u>, <u>supra</u>.

Defendants' objection 36 is overruled.

37.   North River admitted and also affirmatively asserted in 1992 through the Donovan affidavit that it was the insurer who provided Midcontinent with workers compensation insurance covering Mr. Wetch's work injury.

Defendants interpose the same objections interposed in earlier

objections.  (Docket 83-1 at p. 10).   For the same reasons articulated earlier,

defendants' objections are without merit.   Defendants' objection 37 is

overruled.

38.   North River's course of conduct over the last 25 years in South Dakota relating to Mr. Wetch's worker's compensation claims was such that North River should have reasonably anticipated being haled into court here.

Defendants interpose the same objections interposed in earlier

objections.  (Docket 83-1 at p. 10).   For the same reasons articulated earlier,

defendants' objections are without merit.   Defendants' objection 38 is

overruled.

39.   The state of South Dakota has a vested interest in getting some answers to the question of who is really responsible for Mr. Wetch's workers compensation benefits after having entertained litigation over that issue for 25 years.

Defendants' objection and response is that the "State of South Dakota

has been informed of the identity of the insurer."   (Docket 83-1 at p. 10)

(referencing Docket 84-8 at pp. 1-2).   The declaration to the South Dakota

Division of Insurance on September 23, 1997, simply stated:

28

> Please be advised that U.S. Fire Insurance provides workers' compensation coverage for the above captioned claim [Mr. Wetch's claim]. Crum & Forster Insurance Group has two insurance companies, North River Insurance and U.S. Fire Insurance. According to my records, U.S. Fire Insurance issued the policy for the above captioned loss.

(Docket 84-8 at p. 2). The declaration by Vickie Hilden, a claims examiner, is neither complete nor accurate. Throughout these proceedings, North River said it issued the policy covering Mr. Wetch's claim. (1992 litigation, Dockets 1 at p. 7 ¶ 4 and 5 ¶ XI). Defendants subsequently asserted Westchester issued the policy and U.S. Fire assumed responsibility for the obligations of the original policy. (Docket 86-1).

The statement in the R&R is a fair comment on the status of the evidence in this case. Defendants' objection is without merit. Defendants' objection 39 is overruled.

## RULE 12(b)(6) MOTION

Defendants originally filed their motions to dismiss for failure to state a claim upon which relief may be granted as Fed. R. C. P. 12(b)(6) motions. (Dockets 45-47). Rule 12(b)(6) provides for dismissal if the plaintiffs fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating the defendants' Rule 12(b)(6) motion, the court accepts as true all of the factual allegations contained in plaintiffs' amended complaint and grants all reasonable inferences in favor of plaintiff as the nonmoving party. Braden, 588 F.3d at 594 ("a complaint must contain sufficient factual matter, accepted

29

as true, to 'state a claim to relief that is plausible on its face.' ") (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009).   <u>See</u> <u>also</u> <u>Crooks</u>, 557 F.3d at 848 (the court must review "a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of the plaintiff, the nonmoving party.") (brackets omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"   <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."   <u>Iqbal</u>, 556 U.S. at 679.   At this point in the litigation, the court is "bound to accept as true, for purposes of [a Rule 12(b)(6)] motion, the facts alleged by the plaintiff."   <u>Stephens v. Associated Dry Goods Corp.</u>, 805 F.2d 812, 814 (8th Cir. 1986).

The court finds the R&R is an accurate and thorough recitation of the facts and case law applicable to a Rule 12(b)(6) motion.   The court further finds the magistrate judge's analysis is well-reasoned.

For the reasons stated earlier, the R&R did not complete the analysis as to C&F Holdings' Rule 12(b)(6) motion.   Based on a review of the entire record, the court finds plaintiff fails to state a claim against C&F Holdings.   Plaintiff's amended complaint makes no specific allegation against C&F Holdings and he

presents no evidence by which the court could find C&F Holdings was engaged in any activity associated with Mr. Wetch's worker's compensation claim. For that reason, pursuant to Rule 12(b)(6), the court must grant C&F Holdings' motion to dismiss for failure to state a claim upon which relief could be granted.

Specific to the remaining defendants, the R&R

recommends denying defendants' . . . motions to dismiss under Rule 12(b)(6). After a full and fair opportunity for discovery has been accorded to Mr. Wetch, one or more of the defendants can make a motion for summary judgment on the grounds that they were not personally involved. The court notes all the defendants are represented by the same counsel, so denial of the Rule 12(b)(6) motion in favor of allowing discovery does not impose as much of a burden as would be imposed if each were represented by separate counsel.

(Docket 82 at p. 48).

Ordinarily because the magistrate judge considered matters outside the pleadings, defendants' Rule 12(b)(6) motions would have been be treated as Rule 56 motions for summary judgment. Fed. R. Civ. P. 12(d). Considering the status of this case and the fact plaintiff has not engaged in extensive discovery to the point of the R&R, the court will adopt the R&R's Rule 12(b)(6) recommendations.

## ORDER

Based on the above analysis, it is

ORDERED that defendants' objections (Docket 83) are overruled.

IT IS FURTHER ORDERED that defendant C&F Holdings Corporation's motion to dismiss for failure to state a claim (Docket 45) is granted.

IT IS FURTHER ORDERED that plaintiff's amended complaint (Docket 44) as it relates to C&F Holdings Corporation is dismissed with prejudice.

IT IS FURTHER ORDERED that the report and recommendation (Docket 82) as it relates to the remaining defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is adopted consistent with this order.

IT IS FURTHER ORDERED that the remaining defendants' motions to dismiss the amended complaint pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Dockets 46-47) are denied, except to the extent those motions were granted as to Count VI of the amended complaint, exploitation of an adult with a disability (Docket 120 at p. 11).

Dated September 30, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE